DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
315 Montgomery St., 8th Fl.
San Francisco, CA 94104
(415) 829-4330
david@hrw-law.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOELLE SIGNORELLI,<br><br>    Plaintiff,<br><br>vs.<br><br>NORTH COAST BREWING CO., INC., A CALIFORNIA CORPORATION, AND DOES 1-10,<br><br>    Defendants. | Case No.: 3:18-cv-02914<br><br>**COMPLAINT** |

Plaintiff, Joelle Signorelli ("Joelle" or "Plaintiff"), by and through the undersigned counsel, brings this Complaint against Defendant North Coast Brewing Co., Inc. ("North Coast Brewing" or "Defendant") and Does 1-10 (together, with "Defendant," as "Defendants") for damages, restitution, declaratory and injunctive relief, and in support thereof states as follows:

**JURISDITION AND VENUE**

1.  This is an action arising under the Federal Copyright Act, 17 U.S.C. sec. 101, et seq., and California Civil Code sec. 980 et seq., and California common law.

2.  This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. secs. 1331 and 1338.

3.  This Court has supplemental jurisdiction of the California Civil Code claims pursuant to 28 U.S.C. sec. 1367(a).

4.  North Coast Brewing is subject to personal jurisdiction throughout California.

5.  Venue is proper in this District under 28 U.S.C. sec. 1391(b) and (c) because the events giving rise to the claims occurred in this District, North Coast Brewing engaged in infringement in this District, and North Coast Brewing is subject to personal jurisdiction in this district.

6.  There is a related case pending in this district, Thelonious Sphere Monk, Jr., v. North Coast Brewing Co., Inc., No. 17-cv-05015.

COMPLAINT - 1

## THE PLAINTIFF

7. Plaintiff, Joelle Signorelli, is the widow of Eduardo Smissen ("Eduardo"). They were married from December 16, 2004 until Eduardo's death on February 27, 2015.

8. As Eduardo's spouse, Joelle had a 50% interest in their marriage's community property, including any intellectual property such as copyright that was developed by Eduardo during their marriage. Upon Eduardo's death, Joelle inherited 100% of Eduardo's 50% interest in that community property.

## THE DEFENDANTS

9. Defendant North Coast Brewing is a California corporation with its principal place of business in California and can be served with process through its registered agent Mark E. Ruedrich, 455 North Main Street, Fort Bragg, CA 95437.

10. North Coast Brewing is a craft brewery that makes and sells beer and ale, and other related merchandise to promote its brand.

11. One prominent beer made and sold by North Coast Brewing is Brother Thelonious Belgian Style Abbey Ale.

## EDUARDO'S WORK FOR NORTH COAST BREWING CO.

12. On or about October 13, 2005, Eduardo was asked by Doug Moody of North Coast Brewing ("Doug") if he would be interested in designing a bottle label featuring Jazz Artist Thelonious Monk for a beer that was being developed by North Coast Brewing to be named after Thelonious Monk, presently known as "Brother Thelonious belgian style abbey ale" ("Brother Thelonious Abbey Ale").

13. On or about October 15, 2005, Eduardo emailed a proposal to Doug: that proposal consisted of three parts: (1) $350 for the initial sketches of Thelonious Monk, to be done in coordination with the designer Theresa Whitehill of Colored Horse ("Theresa"), (2) $1,150 for the final artwork and licensing of the image for the beer label, and (3) $1,500 for the original painting if desired.

14. Shortly thereafter, Doug emailed Theresa saying that he had received Eduardo's proposal and was "ready to proceed." He asked Theresa "may I assume you agree?"

15. Shortly thereafter, Theresa said "Absolutely! That's terrific."

16. Doug did not respond in writing to Eduardo's offer.

COMPLAINT - 2

17. Eduardo's work was completed and presented to North Coast Brewing by the end of 2005. By approximately that date, Eduardo's beer label was being affixed by North Coast Brewing to bottles of Brother Thelonious Abbey Ale.

### DISPUTE OVER PAYMENT FOR MERCHANDISING AND LABELS

18. By 2006 or 2007, Joelle and Eduardo had learned that North Coast Brewing had been using Eduardo's artwork more broadly than agreed upon as a beer label – most specifically on various merchandising items and to promote its product by way of Jazz music recordings and festivals. Eduardo's beer label had become a crucial part of North Coast Brewing's corporate identity. This use of Eduardo's work was not part of the parties' anticipation in late 2005 – nor could the success of the label and its subsequent adoption as a form of corporate identity have been predicted.

19. By 2006 or 2007, Joelle and Eduardo had learned from Doug that Eduardo's design for the beer label had been singularly instrumental in growing North Coast Brewing from a small local brewery into an international presence. This too involved use of Eduardo's design that far exceeded any agreed upon use.

20. In using Eduardo's design in ways that differed from or exceeded any use anticipated by the parties, North Coast Brewing has benefitted financially and has deprived Joelle of financial value that is rightfully hers. This use has been intentional, knowing, and has substantially interfered with rights originally held exclusively by Eduardo and now held by Joelle.

21. By 2006 or 20007, Joelle and Eduardo had learned that North Coast Brewing had been giving the Thelonious Monk Institute of Jazz ("the Jazz Institute") $1.00 for every case of Brother Thelonious Abbey Ale that North Coast Brewing had sold. Joelle asked Doug that North Coast Brewing make a financial arrangement with Eduardo that was fairer. Doug said it was "too late."

22. In the time period of approximately 2010-12, Doug hired Eduardo to design some merchandising related to Thelonious Monk.

23. Eduardo died in 2015. At the memorial ceremony, Doug approached Joelle, acknowledged that the financial arrangements that North Coast Brewing had had with Eduardo for his work was unfair and offered to "make this right." He mentioned the possibility of setting up a college scholarship for Joelle's two children and Eduardo's granddaughter, that he had talked to the two other principals of North Coast Brewing and that they all were in agreement, but that because North Coast Brewing was now a public

COMPLAINT - 3

|   |   |
|---|---|
| 1 | company he needed Board approval. He mentioned the idea of a fundraiser at the North Coast Brewing |
| 2 | restaurant where the proceeds would go to Joelle. |
| 3 | 24. Shortly thereafter, Doug met with Joelle and explained that the Board had said "no" to any compensation. In the same conversation, Doug continued to express his interest in providing additional money to Joelle by way of fair compensation. In August 2016 and again in June 2017, Joelle received $2,000 from North Coast Brewing by way of the Elk Community Center. Whether these amounts were to remain constant or stop at some point, was never explained by Doug. These have been the only two payments that Joelle has received. |
| 8 | 25. On or about December 28, 2017, Joelle determined that she needed to take more specific action to preserve her rights to a fair payment. She obtained copyright registration for Eduardo's design (1-6148206291). A copy of this is attached as Exhibit 1. |

**NOTICE OF THIS DISPUTE**

26. On May __, Joelle notified North Coast Brewing that any consent previously given to North Coast Brewing by Eduardo for use of his design on the beer label was immediately terminated and revoked, and that North Coast Brewing could no longer use the design without entering into a merchandising agreement with her. A true and correct copy of Joelle's notice to North Coast Brewing is attached hereto as Exhibit 2.

27. Despite this notice, since May __, North Coast Brewing has continued to use Eduardo's design both on beer labels and on merchandising without the permission of Joelle and without compensating her, causing significant damage to her.

28. Plaintiff has engaged the undersigned attorneys concerning this dispute and has agreed to pay them a reasonable fee.

**FIRST CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGEMENMT UNDER 17 U.S.C. sec. 101)**

29. Plaintiff incorporates by reference and herby re-alleges the allegations of paragraphs 1-28 of this Complaint as if fully set forth herein.

30. Eduardo had the exclusive right to reproduce his copyrighted work in copies and to prepare derivative works and to distribute copies by sale or other transfer, rental lease or lending.

31. His rights included the exclusive right to reproduce a copyrighted pictorial work on all kinds of articles, whether useful or otherwise.

COMPLAINT - 4

32. Initial ownership of the copyrighted work rested solely in Eduardo. His rights have been transferred by will/intestate succession to Joelle.

33. There has never been a transfer of copyright ownership of any of Eduardo's copyrighted work because there has never been a writing signed by Eduardo.

34. To the extent that any copyright ownership was transferred by Eduardo to North Coast Brewing, that was by license exclusive to beer labeling and all other ownership remained with Eduardo and is now with Joelle.

35. To the extent that any copyright ownership for a beer label was transferred by Eduardo to North Coast Brewing, North Coast Brewing has used this work far more than the parties anticipated.

36. To the extent that any ownership exclusive to beer licensing was transferred by Eduardo to North Coast Brewing, that license has ceased to belong to North Coast Brewing and has been equitably revoked due to the abuse by North Coast Brewing of that limited license agreement and transferred back to Eduardo (and thereafter to Joelle).

**SECOND CLAIM FOR RELIEF**

**(COPYRIGHT INFRINGMENT UNDER CALIFORNIA CIVIL CODE SEC. 980)**

37. Plaintiff incorporates by reference and herby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

**THIRD CLAIM FOR RELIEF**

**(CONVERSION UNDER CALIFORNIA COMMON LAW)**

38. Plaintiff incorporates by reference and herby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

**FOURTH CLAIM FOR RELIEF**

**(UNJUST ENRICHMENT/RESTITUTION UNDER CALIFORNIA COMMON LAW)**

39. Plaintiff incorporates by reference and herby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

COMPLAINT - 5

**FIFTH CLAIM FOR RELIEF**

**(BREACH OF CONTRACT, EXPRESS AND IMPLIED, INCLUDING IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING UNDER CALIFORNIA CIVIL CODE sec. 1619 et seq., and COMMON LAW)**

40. Plaintiff incorporates by reference and herby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein.

**PRAYER FOR RELIEF**

41. WHEREFORE, Plaintiff prays for judgment against North Coast Brewing and all Defendants that:

   a. Defendants be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. sec 101, California Civil Code 980, and California common law, as well as be declared in violation of each of these laws.

   b. Defendants be ordered to pay Joelle's actual, consequential, incidental and special damages, as well as the Defendants' profits attributable to and wrongfully retained due to the violations alleged; and Defendants be ordered to pay Plaintiff damages for injury to Plaintiff's capital assets including the business goodwill and copyrighted material;

   c. Defendants be ordered to pay Joelle's attorneys' fees and costs to the extent available under the statutes sued hereunder;

   d. Plaintiff be awarded punitive damages; and

   e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully request a jury trial on all issues triable thereby.

Dated this 17th day of May, 2018.

*/s/ David M. Rosenberg-Wohl*
David M. Rosenberg-Wohl
HERSHENSON ROSENBERG-WOHL
A PROFESSIONAL CORPORATION