UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| JOELLE SIGNORELLI, <br> Plaintiff, <br> v. <br> NORTH COAST BREWING CO. INC., <br> Defendant. | Case No. 5:18-cv-02914-EJD <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 14 |

## I. INTRODUCTION

Plaintiff Joelle Signorelli ("Signorelli") initiated this suit against Defendant North Coast Brewing Co. Inc. ("North Coast Brewing") and Does 1 through 10 to stop defendants from using her late husband's artwork on North Coast Brewing beer bottle labels and merchandise. North Coast Brewing moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Defendant's motion to dismiss is granted.

## II. BACKGROUND[1]

Plaintiff and her husband Eduardo Smissen ("Eduardo") were married from 2004 until Eduardo's death in February of 2015. Complaint ¶ 7. In October of 2005, Doug Moody ("Moody") of North Coast Brewing asked Eduardo if he would be interested in designing a bottle label featuring jazz artist Thelonious Monk for a beer now known as Brother Thelonious Belgian

---

[1] The Background is a summary of the allegations set forth in the First Amended Complaint ("Complaint"). Dkt. No. 5.
**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
1

United States District Court
Northern District of California

Style Abbey Ale. *Id*. ¶¶ 11-12. Eduardo emailed Moody a three-part proposal: (1) $350 for the initial sketches of Thelonious Monk, to be done in coordination with designer Theresa Whitehall of Colored Horse ("Whitehall"); (2) $1,150 for the final artwork and licensing of the image for the beer label; and (3) $1,500 for the original painting, if desired. *Id.* ¶ 13. Moody emailed Whitehall and asked if she was ready to proceed with Eduardo's proposal. *Id.* ¶ 14. Whitehall responded, "Absolutely! That's terrific." *Id*. ¶ 15. Moody, however, did not respond in writing to Eduardo's proposal. *Id*. ¶ 16. Eduardo completed his work and "Eduardo's beer label was being affixed by North Coast Brewing to bottles of Brother Thelonious Abbey Ale" by the end of 2005. *Id*. ¶ 17.

By 2006 or 2007, Eduardo and Signorelli had learned that "Eduardo's design for the beer label had been singularly instrumental in growing North Coast Brewing from a small local brewery into an international presence." *Id*. ¶ 19. At the same time, Eduardo and Signorelli learned that North Coast Brewing had been using Eduardo's "design in ways that differed from or exceeded any use anticipated by the parties." *Id*. Signorelli asked Moody to "make a financial arrangement with Eduardo that was fairer," but was told it was "too late." *Id*. ¶ 21. In 2010-2012, Moody hired Eduardo "to design some merchandising related to Thelonious Monk." *Id*. ¶ 22.

In 2015, Eduardo passed away. *Id. ¶ 23.* At the memorial services, Moody acknowledged to Signorelli that the financial arrangements had been "unfair" and offered to "make this right." *Id*. Shortly thereafter Moody told Signorelli that the board of North Coast Brewing had said "no" to any compensation for Signorelli. *Id ¶ 24.* Nevertheless, in August of 2016 and again in June 2017, Signorelli "received $2,000 from North Coast Brewing by way of the Elk Community Community Center." *Id*.

In December of 2017, Signorelli obtained copyright registration for Eduardo's 2005 "design." *Id*. ¶ 25. On May 17, 2018, Signorelli initiated the instant suit asserting the following claims: (1) copyright infringement under federal law; (2) copyright infringement under California law; (3) conversion; (4) unjust enrichment/restitution; and (5) breach of express and implied contract, including breach of the implied covenant of good faith and fair dealing. *Id*. ¶¶ 29-40. In

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
2

addition to injunctive relief and damages, Signorelli seeks punitive damages and attorney's fees. The next day, Signorelli notified North Coast Brewing "that any consent previously given to North Coast Brewing by Eduardo for use of his design on the beer label was immediately terminated and revoked, and that North Coast Brewing could no longer use the design without entering into a merchandising agreement with her." *Id*. ¶ 26. Signorelli also notified North Coast Brewing that "any consent previously given to North Coast Brewing by Eduardo for use of his design or any design based on his design for anything else including merchandising items was immediately terminated and revoked, and that North Coast Brewing could no longer use Eduardo's work without entering into a merchandising agreement with her." *Id. ¶* 26. Despite the notices, North Coast Brewing has continued to use Eduardo's 2005 design on beer labels and merchandising. *Id*. ¶ 27.

## III. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may therefore be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). When deciding whether to grant a motion to dismiss, the court must accept as true all "well pleaded factual allegations" and determine whether the allegations "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

## IV. DISCUSSION

North Coast Brewing seeks dismissal of the complaint on several grounds. First, North Coast Brewing contends that all of the claims fail because the license entered into in 2005 is

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
3

irrevocable and permits North Coast Brewing to use Eduardo's painting in marketing efforts related to its beer. Second, North Coast Brewing contends that the state law claims are preempted by the Copyright Act and are insufficiently pled. Third, North Coast Brewing contends that Plaintiff's punitive damages claims are barred as a matter of law, and lastly, that attorney's fees incurred to register Eduardo's painting are not recoverable. North Cost Brewing contends that these deficiencies cannot be cured by amendment, and therefore leave to amend should be denied.

### A. **The License**

North Coast contends that based upon the face of the Complaint, North Coast has an implied, non-exclusive, unlimited and irrevocable license to use Eduardo's painting. Signorelli does not dispute that the parties entered into a license, but argues that the license is exclusive, limited, and revocable.

#### i. **Exclusive or Non-Exclusive License**

Exclusive licenses must be in writing pursuant to 17 United States Code section 204. *See also Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) ("Copyright law dovetails nicely with common sense by requiring that a transfer of copyright ownership be in writing."). The only writing mentioned in the Complaint is the emailed proposal Eduardo sent to Moody. The Complaint, however, indicates that Moody did not respond in writing to Eduardo's proposal. *Id*. ¶ 16. Because the Complaint lacks sufficient allegations to establish that there was a written license agreement, Signorelli's claim that the parties entered an exclusive license fails.

#### ii. **Unlimited or Limited Scope of License**

Unlike exclusive licenses, nonexclusive licenses need not be in writing and may be granted orally or by implication. *Asset Marketing Systems, Inc. v. Gagnon*, 542 F.3d 748, 754 (9th Cir. 2008) (citing *Foad Consulting Group, Inc. v. Azzalino,* 270 F.3d 821, 825-26 (9th Cir. 2001)); *Effects Associates, Inc.*, 908 F.2d at 558 ("Section 204 provides that all transfers of copyright ownership must be in writing; section 101 defines transfers of ownership broadly, but expressly removes from the scope of section 204 a 'nonexclusive license.'"). In the Ninth Circuit, "an implied license is granted when '(1) a person (the licensee) requests the creation of a work, (2) the

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
4

creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work.'" *Asset Marketing*, 270 F.3d at 755 (quoting *I.A.E., Inc. v. Shaver,* 74 F.3d 768, 776 (7th Cir. 1996)). When considering the third prong of the Ninth Circuit's test, "courts consider whether the totality of the parties' conduct indicates that the licensor intended to grant the licensee permission to use the work." *Fontana v. Harra*, No. 12-10708 CAS, 2013 WL 90014, at *4 (C.D. Cal. March 12, 2013).

The allegations in the Complaint satisfy the first two prongs, leaving at issue the intent prong. Signorelli contends that the license between Eduardo and North Coast Brewing only allows (a) use of Eduardo's painting on North Coast Brewing's beer bottle labels and (b) use of photographs of the labelled beer bottle in North Coast Brewing's advertisements (Dkt. No. 15, p. 9). Signorelli contends that North Coast Brewing's use of the painting on knick-knacks and to promote its corporate brand exceeds the scope of the license. *See LGS Architects, Inc. v. Concordia Homes*, 434 F.3d 1150, 1156-1157 (9th Cir. 2006) (licensee exceeded scope of license where owner of copyright in architectural plans granted license for use in only one community but licensee used it in other communities).

Signorelli argues that the limited scope of the license many be inferred from the "modest" $1,150 price North Coast paid for the final artwork and licensing of the image for the beer label. The argument is unpersuasive. The scope of an implied license is determined by the licensor's objective intent at the time of the creation and delivery of the copyrighted work. *Asset Marketing*, 542 F.3d at 756. Like the licensor in *Asset Marketing*, Eduardo delivered his painting without expressing any intent to limit North Coast Brewing's use. The Complaint lacks any facts about Eduardo's opinion of the price. That Signorelli feels the price was modest does not reveal anything about Eduardo's objective intent at the time of the creation and delivery of his painting or support Signorelli's assertion of a limited license.

Signorelli next contends that the limited scope of the license may be inferred from the fact that years later, in approximately 2010-12, Moody asked Eduardo to "design some

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**

5

merchandising." Complaint ¶ 22. Signorelli reasons that this request to "contract for merchandising . . . can only reasonably suggest that merchandising a part [sic] from the beer label, was not part of the original deal." Dkt. No. 15, p. 8. Signorelli's allegations are too vague to ascertain what, if any, relationship there is between the 2010-2012 design work and Eduardo's painting, other than that they both feature Thelonious Monk. The Complaint does not reveal any of the terms of this alleged "contract for merchandising" (Dkt. No. 15, p. 8) or explain how the terms of that contract pertained to Eduardo's 2005 painting. Instead, Signorelli appears to argue more generally that because the 2010-2012 contract covered the subject of "merchandising related to Thelonious Monk," the 2005 implied license must not have covered merchandising using Eduardo's 2005 painting of Thelonious Monk. The "contract for merchandising" and the license are not mutually exclusive, however. It is plausible for the parties to have entered both an unlimited implied license for Eduardo's 2005 painting and a separate contract in 2010-2012 for merchandising using different artwork created by Eduardo. Indeed, Signorelli represents in her opposition brief that the 2010-2012 designs "are different from the painting that was commissioned for the beer bottle label." Dkt. No. 15, p. 12. Because the implied license and the 2010-2012 contract for merchandising cover different designs, the 2010-2012 contract does not support an inference that the 2005 license for Eduardo's artwork was limited.

### iii. Revocable or Irrevocable License

The Complaint clearly alleges that North Coast Brewing paid Eduardo for his painting. This payment firmly establishes that the implied license is irrevocable. *Asset Marketing*, 542 F.3d at 757 ("because [licensee] paid consideration, this license is irrevocable").

In sum, the allegations in the Complaint fail to establish that the alleged license was exclusive, limited, and irrevocable.[2]

### B. **State Law Claims**

North Coast Brewing contends that the state law claims are preempted and otherwise fail

---

[2] In light of these deficiencies, it is unnecessary for the court to consider North Coast Brewing's alternative argument that section 113(c) of the Copyright Act bars Signorelli's claim.

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
6

to state a claim upon which relief may granted. Each of the claims is addressed separately below.

### i. California Civil Code Section 980

California Civil Code section 980 provides copyright protection outside the scope of that found in the federal statute. *Trenton v. Infinity Broad. Corp.*, 865 F. Supp. 1416, 1423 (C.D. Cal. 1994). In contrast to federal copyright law, section 980 applies only to an "original work of authorship that is not fixed in any tangible medium of expression." Cal. Civ. Code § 980. A work is considered not fixed in a tangible medium of expression "when it is not embodied in a tangible medium of expression or when its embodiment in a tangible medium of expression is not sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration, either directly or with the aid of a machine or device." *Id*.

North Coast Brewing contends that the section 980 claim must be dismissed because Eduardo's artwork is fixed in a tangible medium of expression—a beer bottle label. In response, Signorelli readily acknowledges that section 980 only covers a work not fixed in a tangible medium and explains that her claim is based upon the designs Eduardo provided North Coast Brewing in 2010-2012. Dkt. No. 15, p. 12 (citing Complaint ¶ 22).

Only one sentence appears under the heading for the section 980 claim: "Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein." Complaint ¶ 36. This allegation is woefully deficient and fails to give North Coast Brewing fair notice that Signorelli intended the section 980 claim to be based exclusively on Eduardo's 2010-2012 designs instead of the 2005 painting. The claim is accordingly subject to dismissal. Furthermore, leave to would be futile because, as North Coast Brewing points out, section 980 provides protection only for works of authorship that are not fixed in a tangible medium. Examples of works not fixed in a tangible form include choreography that has never been filmed or notated, an extemporaneous speech, original works of authorship communicated solely through conversations or live broadcasts, and a sketch or musical composition improvised or developed from memory and without being recorded or written down.

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
7

1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.02 Matthew Bender, Rev. Ed.). Signorelli's allegation that Eduardo was hired "to design some merchandising" indicates that Eduardo's design took a physical, and hence, tangible form, and was not an intellectual creation that existed only in his mind. Indeed, in her opposition brief, Signorelli describes the 2010-2012 designs as "drawings." Dkt. No. 15, p. 13. Moreover, if Eduardo's designs were "not fixed in any tangible medium of expression," there is no infringement because "there could be no copying . . . of a work that has never been expressed in any form." Nimmer & Nimmer, *supra*, ¶ 2.02.

### ii. Conversion

North Coast Brewing contends that the conversion claim is subject to dismissal for three independent reasons. First, North Coast Brewing contends that the claim is preempted by the Copyright Act. *Ward v. Mitchell*, No. 12-3932 NC, 2013 WL 1758840, at *5 (N.D. Cal. Apr. 24, 2013). Second, North Coast Brewing contends that Signorelli has not pled and cannot plead the requisite "wrongful disposition" of a property right. *See G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992) (citations omitted). Third, North Coast Brewing contends that the claim is barred by the three-year statute of limitations.

Like the previous claim, only one sentence appears under the heading for the conversion claim: "Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein." Complaint ¶ 38. In her opposition brief, Signorelli concedes that her claim for alleged misuse of the 2005 painting "is the subject of federal copyright" and clarifies that the 2010-2012 design drawings are the subject of her conversion claim. Dkt. No. 15, p. 13. Based upon these representations, it is conceivable that Signorelli could remedy the first two defects by amendment. *But see Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F. Supp. 1523 (1985) (claim for wrongful conversion of snowflake design by reproducing design on ornament preempted by federal copyright statute). Amendment would ultimately be futile, however, because the claim is time barred, having been filed more than three years after Eduardo designed merchandise for North Coast Brewing in 2010-2012.

Signorelli contends that California Code of Civil Procedure section 360 takes the claim

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
8

outside of the statute of limitation. Section 360, entitled "Acknowledgment or promise; payment on account; sufficiency to take case out of statute of limitations," provides as follows:

> No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby, provided that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to stop, from time to time as any such payment is made, the running of the time within which an action may be commenced upon the principal sum or upon any installment of principal or interest due on such note, and to start the running of a new period of time, but no such payment of itself shall revive a cause of action once barred.

Cal. Code Civ. Proc. § 360. Signorelli argues that North Coast Brewing acknowledged "its liability" in writing when it "provided" two checks to her for $2,000 each[3], and that she filed suit within one year of receiving the last payment. Dkt. No. 15, p. 15.

Signorelli's argument is factually and legally unsupportable. Section 360 stops the statute of limitations from running when the party to be charged acknowledges a contract or promise in writing, or in the case of a promissory note, the party to be charged makes a payment. Signorelli is asserting a conversion claim, not seeking to enforce a contract. Nor is Signorelli seeking enforcement of a promissory note and, therefore, Signorelli's citation to caselaw involving promissory notes is unavailing. *See Eilke v. Rice*, 45 Cal. 2d 66, 72-73 (1955) (action on promissory notes); *Minifie v. Rowley*, 187 Cal. 481, 486 (1921) (interest payment on note "removed the case from the operation of the statute of limitations" for a time).

To the extent Signorelli may be seeking enforcement of some other "promise," she fails to identify what that promise was and fails to allege that North Coast Brewing acknowledged the promise in writing. Moody's alleged offer in 2005 to "make this right" is too vague and indefinite

---

[3] It is unclear from Signorelli's use of the verb "provided" whether North Coast Brewing wrote a check payable to Signorelli. It appears from the Complaint that the checks were not made payable to Signorelli because she alleges that she "received $2,000 from North Coast Brewing by way of the Elk Community Community Center." *Id*.

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
9

to constitute a promise. Nor is Moody's "make this right" comment an acknowledgement of a promise in writing. Moreover, the Complaint makes clear that shortly after Moody's "make this right" comment, Moody told Signorelli that the board of North Coast Brewing had said "no" to any compensation for Signorelli. *Id ¶* 24. Because section 360 is inapplicable, the conversion claim is time barred.

### iii. Unjust Enrichment/Restitution

North Coast Brewing raises three grounds for dismissing the unjust enrichment/restitution claim: the allegations consist of legal conclusions instead of facts; preemption; and the statute of limitations. The arguments are well taken. Only one sentence appears under the heading for the unjust enrichment/restitution claim: "Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein." Complaint ¶ 39. As stated previously, this type of allegation is insufficient to give North Coast Brewing fair notice of the basis of the claim. To the extent any basis for the claim can be surmised from paragraphs one through thirty-six, it is evidence that the claim is preempted. *Shade v. Gorman*, No. C 08-3471 SI, 2009 WL 196400, at *5 (N.D. Cal. Jan. 28, 2009) (citing cases). Moreover, Signorelli fails to respond to the preemption argument, implicitly conceding its merit.

The three-year statute of limitations also provides an independent basis for dismissal of the unjust enrichment/restitution claim. In 2006 or 2007, Signorelli asked Moody to "make a financial arrangement with Eduardo that was fairer" when she learned that North Coast Brewing had been using Eduardo's artwork on merchandising items and to promote the beer. Complaint ¶¶ 19-21. Moody told Signorelli it was "too late." A claim for unjust enrichment/restitution must be brought within three years of the date that the aggrieved party discovers an unjust enrichment has occurred. *See Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1069 (N.D. Cal. 2009). Signorelli filed suit in 2018, more than three years from the time she discovered the alleged unjust enrichment. Lastly, section 360 does not stop the statute of limitations from running for the reasons previously discussed.

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
10

#### iv. Contract Claims

North Coast Brewing contends that the contract claims fail because (a) the only contract pled is a non-exclusive licensing agreement for which North Coast Brewing paid consideration; (2) the claims are preempted; and (3) the claims are time barred. In response, Signorelli asserts that "contract claims apply here because the parties either agreed upon or anticipated payment for services rendered—or payment should have been provided based upon the value of the work." Dkt. No. 15, p. 14. Signorelli asserts that the claim for breach of the implied covenant is based upon Moody's offer to "make this right." *Id.*

Once again, Signorelli fails to identify which facts she is relying upon to support her contract claim. Instead, Signorelli recites the same sentence she has used for each of her state law claims: "Plaintiff incorporates by reference and hereby re-alleges the allegations of paragraphs 1-36 of this Complaint as if fully set forth herein." Complaint ¶ 40. This deficiency in pleading warrants dismissal and cannot be cured by amendment. To the extent Signorelli might be asserting that the contract claims are based Eduardo's 2005 painting and the 2010-2012 designs, the claims are preempted (*see Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1070 (N.D. Cal. 2016)) and time barred by the two-year statute of limitations for oral or implied contracts or the four-year statute of limitations for written contracts (*see* Cal. Code Civ. Proc. §§ 339, 337; *see also Fehl v. Manhattan Ins. Grp.*, No. 11-02688-LHK, 2012 WL 10047, at *4 (N.D. Cal. Jan. 2, 2012) (statute of limitations for breach of implied covenant is either two or four years depending upon whether it sounds in tort or contract)). To the extent Signorelli is asserting that the contract claims are based upon Moody's "make it right" comment, the comment is too vague and indefinite to form a contract under the circumstances presented in this case. Moreover, the Complaint makes clear that shortly after Moody's "make this right" comment, Moody told Signorelli that the board of North Coast Brewing had said "no" to any compensation for Signorelli. *Id ¶* 24.

### C. Punitive Damages

Signorelli's prayer for relief includes a request for punitive damages that is untethered to

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
11

any claim. North Coast Brewing contends that request for punitive damages is subject to dismissal because punitive damages are not available under federal law and the allegations are insufficient to support punitive damages for any of Signorelli's state law claims. Signorelli concedes that punitive damages are available only for her state law claims. Dkt. No. 15, p. 16.

Because Signorelli has failed to allege any viable state law claim, the request for punitive damages fails.

D. **Attorney's Fees**

Signorelli concedes North Coast Brewery's argument that the Complaint does not plead a basis for attorney's fees under 17 U.S.C. section 412. Signorelli contends, however, that the Complaint alleges state law claims for which attorney's fees are available. Because Signorelli has failed to allege any viable state law claim, the request for attorney's fees also fails.

V. **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss is GRANTED with leave to amend the federal copyright infringement claim. The remaining claims, as well as the associated requests for punitive damages and attorney's fees, are dismissed without leave to amend. Plaintiff many file and serve an amended complaint no later than November 5, 2018.

**IT IS SO ORDERED.**

Dated: October 25, 2018

EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:18-cv-02914-EJD**
**ORDER GRANTING MOTION TO DISMISS**
12